# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant VANMANY K. FERGUSON**
**United States Army, Appellant**

ARMY 20140957

8th Theater Sustainment Command
Gregory A. Gross, Military Judge
Colonel Anthony T. Febbo, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel LaJohnne A. W. Morris, Staff Judge Advocate (addendum)

For Appellant: Captain Katherine L. DePaul, JA; Gary Myers, Esquire (on brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA (on brief).


26 July 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

PENLAND, Judge:

An officer panel sitting as a general court-martial convicted appellant, contrary to her pleas, of one specification of conspiracy to commit larceny, one specification of desertion, one specification of making a false official statement, one specification of larceny, and one specification of committing fraud against the United States, in violation of Articles 81, 85, 107, 121, and 132, and Uniform Code of Military Justice, 10 U.S.C. §§ 881, 885, 907, 921, 932 (2006 and 2012) [hereinafter UCMJ]. The officer panel sentenced appellant to be dismissed from the service, confined for five years, and to forfeit all pay and allowances. The convening authority approved only so much of the adjudged sentence as provided for a dismissal, confinement for four years and nine months, and total forfeitures.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises three assignments of error, which merit neither discussion nor relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

FERGUSON—ARMY 20140957

On 5 July 2017, this court ordered the government to obtain Court-Martial Convening Order (CMCO) number 11, dated 10 December 2014, which is missing from the record. Major (MAJ) JR was the chief of military justice (COJ) at the time and signed CMCOs 3, 8, 9, and 10, which are in the record of trial. The government was not able to find a signed copy of CMCO 11, but has provided this court with an unsigned copy of CMCO 11 and MAJ JR's affidavit, in which he recalls signing CMCO 11. Additionally, the military judge discussed CMCO 11 on the record. We agree with the government that while "the absence of CMCO 11 from the record of trial is a symptom of disorganization within the military justice and court reporter offices in 2014, ultimately it was not a significant omission from the record." This is evident in light of the detailed discussion contained in the record regarding the convening order by number as well as "the complete lack of impact on the seating of the members and the trial itself."

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2